IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHN DOES 1-8                                              PLAINTIFFS

v.                       No. 3:23-cv-230-DPM

EMMETT A. PRESLEY, *et al.*                                DEFENDANTS

JOHN DOES 9-16                                             PLAINTIFFS

                         No. 3:24-cv-3-DPM

EMMETT A. PRESLEY, *et al.*                                DEFENDANTS

JOHN DOES 17-30                                            PLAINTIFFS

                         No. 3:24-cv-12-DPM

EMMETT A. PRESLEY, *et al.*                                DEFENDANTS

JOHN AND JANE DOES 101-107                                 PLAINTIFFS

                         No. 3:24-cv-14-DPM

EMMETT A. PRESLEY, *et al.*                                DEFENDANTS

JOHN DOES 108-113 and
JANE DOES 108-109                                          PLAINTIFFS

                         No. 3:24-cv-13-DPM

EMMETT A. PRESLEY, *et al.*                                DEFENDANTS

## ORDER

**1.** Joint brief, *Doc. 38*, appreciated. The parties' embedded motion to consolidate is granted. The five cases styled above involve common questions of law and fact; consolidation for pretrial matters makes good sense. Fed. R. Civ. P. 42(a)(2). The Court designates Case No. 3:23-cv-230-DPM as the lead case. The Court directs the Clerk of Court to move all pending motions in the member cases to the lead case. All future filings should be made in the lead case.

**2.** The plaintiffs wish to proceed under pseudonyms, as John and Jane Does. *Doc. 16* in Case No. 3:23-cv-230-DPM; *Doc. 3* in Case No. 3:24-cv-3-DPM; *Doc. 2* in Case No. 3:24-cv-12-DPM; *Doc. 5* in Case No. 3:24-cv-13-DPM; *Doc. 5* in Case No. 3:24-cv-14-DPM. Those unopposed motions are granted. The plaintiffs are all adults; but they allege childhood sexual abuse and molestation. Federal Rule of Civil Procedure 10(a) requires the complaint to name all parties to the suit. But, in certain limited circumstances, plaintiffs may proceed anonymously. *Capers v. National Railroad Passenger Corp.*, 673 F. App'x 591, 593 (8th Cir. 2016) (unpublished and *per curiam*); *see also W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). Given the sensitive and personal nature of the allegations, and that the plaintiffs were minors at all relevant times, they may proceed anonymously. All parties must use the plaintiffs' corresponding pseudonyms when referring to any plaintiff in any public filing. The parties must also take all necessary

care not to publicly disclose the plaintiffs' real names or personal identifying information.

3. After the Clerk implements consolidation, the Court intends to clear the deck and deny all pending motions without prejudice. Consolidated complaint due by 5 April 2024. (An unredacted copy must be filed under seal, too.) The defendants' answers or Rule 12(b) motions are due thirty days after the consolidated complaint is filed. Replies due fourteen calendar days after the response. All counsel should advise chambers promptly if they're available for a motion hearing on 11 July 2024 at 1:30 p.m. or on 16 July 2024 at 1:30 p.m. in Little Rock.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 March 2024