# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JOHN DOES 1-8                                                              PLAINTIFFS

v.                          No. 3:23-cv-230-DPM

EMMETT A. PRESLEY, *et al.*                                                DEFENDANTS

JOHN DOES 9-16                                                             PLAINTIFFS

No. 3:24-cv-3-DPM

EMMETT A. PRESLEY, *et al.*                                                DEFENDANTS

JOHN DOES 19-30                                                            PLAINTIFFS

No. 3:24-cv-12-DPM

EMMETT A. PRESLEY, *et al.*                                                DEFENDANTS

JOHN AND JANE DOES 101-107                                                 PLAINTIFFS

No. 3:24-cv-14-DPM

EMMETT A. PRESLEY, *et al.*                                                DEFENDANTS

JOHN DOES 108-113 and
JANE DOES 108-109                                                          PLAINTIFFS

No. 3:24-cv-13-DPM

EMMETT A. PRESLEY, *et al.*                                                DEFENDANTS

## AMENDED ORDER

In an earlier Order, the Court granted the plaintiffs' unopposed motions to proceed under pseudonyms. *Doc. 44*. The defendants have moved for reconsideration, arguing that the plaintiffs' anonymity is unfair and unjust. *Doc. 74*. The plaintiffs wish to continue as John and Jane Does.

When this Court decided the pseudonym motions in March 2024, the United States Court of Appeals for the Eighth Circuit hadn't yet addressed the pseudonym standard head on. It has now: "[A] party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Independent School District 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). The Court of Appeals also gave an example of one such circumstance: "[T]o protect the privacy of vulnerable parties, such as children and rape victims." *Ibid.*; see also *J.T.H. v. Missouri Department of Social Services*, 2020 WL 7480563, at *2 (E.D. Mo. 18 Dec. 2020).

This Court weighed these considerations when it granted the plaintiffs' pseudonym motions; and it concluded that the plaintiffs have a strong case for anonymity. *Doc. 44 at 2*. Their allegations include sensitive and highly personal accounts of childhood molestation and rape. Here are some examples.

- John Doe 1 says "he was sexually molested and raped . . . dozens of times . . . over an approximately two-year period." *Doc. 72 at ¶ 188*.

- John Doe 5 says that "Emmett Presley took [him] in his car to a secluded area near The Lord's Ranch where he sexually abused and orally raped him." He also says Presley "forc[ed] John Doe 5 to perform oral sex on him." *Doc. 72 at ¶ 205*.

- Jane Doe 101 says she was sexually abused by her male teacher. "On numerous occasions and for his own sexual gratification, [he] would sexually grope [her], including but not limited to rubbing his erect penis on [her] back while moaning." *Doc. 72 at ¶ 304*.

The defendants did not oppose anonymity at the time. But they now argue that the plaintiffs' anonymity prejudices their ability to defend themselves from adverse publicity and to conduct meaningful discovery. They also argue that allowing the plaintiffs to proceed under fictitious names is unjust because five plaintiffs have publicly commented on their childhood sexual abuse.

*

The Court has reconsidered the pseudonym issue. But with one caveat, it stands by its earlier ruling.

*First*, Rule 60(b) does not apply here. That rule "only applies to motions for relief from a final judgment, order, or proceeding." *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (quotations omitted). The Court's pseudonym Order was not final—it did not end the case or any part of it. *Auto Services Co.*

*v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008). A district court has "general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Auto Services*, 537 F.3d at 857.

*Second*, the publicity issues. The plaintiffs raise a legitimate point here—the defendants hint at a desire to wage a media counteroffensive. *Doc. 81 at 6*. The Court sees more harm than good in that approach. It's unclear how naming the plaintiffs would minimize negative press. And more importantly, "the danger of retaliation is often a compelling ground in favor of anonymity." *Cajune*, 105 F.4th at 1077 (quotations omitted).

*Third*, the discovery issues. The defendants know the plaintiffs' real names, which is enough to conduct meaningful discovery. That conclusion is the consensus view among the district courts in the Eighth Circuit who have considered the use of pseudonyms during discovery. *Roe v. St. Louis University*, 2009 WL 910738, at *5 n.5 (E.D. Mo. 2 Apr. 2009); *Doe v. University of St. Thomas*, 2016 WL 9307609, at *2 (D. Minn. 25 May 2016); *Doe v. Haynes*, 2019 WL 2450813, at *4 (E.D. Mo. 12 June 2019); *Doe v. Aberdeen School District*, 2019 WL 4452136 (D.S.D. 17 Sept. 2019). As the Court noted on the record at the 14 August 2024 hearing, any specific discovery issues can be addressed on a situation-by-situation basis.

*Last*, the five plaintiffs who have spoken publicly about their alleged sexual abuse. Four of them—John Does 3, 7, and 13, and

-4-

Jane Doe 108—discussed their experiences on a podcast before this litigation began. *Doc. 75-4*. The fifth—John Doe 110—posted a comment on Facebook in May 2024. It reads: "They Took me away from my family for 4 and half years…I'm on file with tha courts. D-35256..Justice will be served in the Court of law[.]" *Doc. 75-3* (emojis omitted).

The defendants argue that these plaintiffs' public disclosures preclude anonymity for everyone, even the large majority who have thus far guarded their identities. That argument is unpersuasive. The defendants cite no authority, and the Court knows of none, which requires an all-or-nothing approach to pseudonymous parties. The Court also disagrees about John Doe 110. His vague Facebook comment is hardly a waiver of his claim's every intimate detail.

But here's the caveat. It cannot be said that the four plaintiffs who discussed their alleged sexual abuse at length on various podcast episodes have a "need for anonymity" that outweighs the "constitutionally embedded presumption of openness in judicial proceedings." *Cajune*, 105 F.4th at 1076 (quotations and hyphen omitted). The plaintiffs are correct that the podcast episodes were discoverable at the time the pseudonym motion was pending. But the defendants were then focused on responding to five separate lawsuits, drafting briefs (at the Court's direction) about possible consolidation of those lawsuits, and securing local counsel—all within a two-week period. *E.g., Doc. 16 to Doc. 34.* The defendants' inability to dig into all

fifty plaintiffs' public comments doesn't show a lack of diligence; it shows a lack of time. Plus, facts about the podcasts have no bearing on the merits of this lawsuit. They only pertain to the narrow pseudonym issues here.

\* \* \*

The motion for reconsideration, *Doc. 74*, is mostly denied and partly granted. The Court amends its 5 March 2024 Order as specified. Except for John Doe 3, John Doe 7, John Doe 13, and Jane Doe 108, the plaintiffs may proceed anonymously. The Court directs the Clerk of Court to update the docket, substituting the actual names of the four listed plaintiffs.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

10 September 2024